UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDREA TROIANI,

      **Plaintiff,**      No. _____

-against-              COMPLAINT

CREDIT CONTROL, LLC,

      **Defendant.**

---

### I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendant Credit Control, LLC of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Credit Control, LLC was an alleged consumer credit debt of Andrea Troiani to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Andrea Troiani ("Troiani") is a natural person residing in the County of Monroe at 5 Holley Creek, Pittsford, New York 14534.

4. Upon information and belief, Defendant, Credit Control, LLC, is a foreign

limited liability company organized under the laws of Missouri engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation System, 111 Eighth Avenue, New York, New York 10011.

5. Credit Control is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Troiani qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

### IV.  FACTUAL ALLEGATIONS

7. In March of 2015 Troiani received a collection letter from Credit Control dated March 2, 2015, attempting to collect a debt allegedly owed by Troiani on a Bloomingdale's account as the collection agency for "DSNB" (see March 2, 2015 collection letter, attached as Exhibit A).

8. The March 2, 2015 collection letter set forth the following language advising Troiani that she could dispute the validity of the alleged debt:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

9. In response to the March 2, 2015 collection letter, Troiani sent Credit Control

2

a dispute letter dated March 16, 2015 seeking verification of the alleged debt as well as the name and address of the original creditor. Troiani's dispute letter specifically requested the name and address of the original creditor and stated that the debt was disputed. Such dispute letter was mailed by USPS first class mail, certified, on March 17, 2015, and delivered to Credit Control on March 20, 2015. Therefore, the dispute letter was sent and received well within the 30-day time period set forth in the collection letter.

10. Because Troiani duly disputed and asked for the name and address of the original credit on the alleged debt on which Credit Control was attempting to collect, Credit Control was required pursuant to 15 USC § 1692g(b) to cease collection of the debt until it mailed to Troiani verification of the debt as well as the name and address of the original creditor on the debt.

11. Troiani never received by mail from Credit Control any verification of the debt or the name and address of the original creditor. In fact, Troiani never received any further mail from Credit Control after the initial March 2, 2015 collection letter.

12. Despite the requirement under 15 USC § 1692g(b) that Credit Control cease collection until it provided verification and the name and address of the original creditor, Credit Control instead actively attempted to collect the debt from Troiani after receiving her dispute letter without providing verification or the original creditor's name and address.

13. Credit Control repeatedly made collection calls to Troiani's telephone number and left messages on her answering machine, including but not limited to collection calls made to Troiani by Credit Control on March 27, 2015, March 30, 2015, March 31, 2015, April 24, 2015, April 25, 2014, May 8, 2015, June 15, 2015, June 17 2015, June 18, 2015

and June 19, 2015.

### V.  CLAIM FOR RELIEF

14.  Troiani repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

15.  By failing to cease collection of the debt, Credit Control violated § 1692g(b) of the FDCPA, which provides in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

16.  By repeatedly causing Troiani's telephone to ring even and leaving debt collection messages, even though Credit Control should have ceased collection of the debt until it complied with § 1692g(b), Credit Control clearly engaged in conduct the natural consequence of which was to harass, oppress or abuse Troiani in connection with the collection of a debt.  As a result, Credit Control violated the general proscription set forth in 15 USC § 1692d, as well as the specific proscription set forth in § 1692d(5), which in relevant part are as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>     (5) Causing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

17.  As a result of the above violations of the FDCPA, Credit Control is liable to Troiani for her actual damages, including but not limited to emotional distress, statutory

damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages for emotional distress.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

Dated: June 29, 2015

              Respectfully submitted,

              s/David M. Kaplan
              David M. Kaplan
              Attorney for Plaintiff
              2129 Five Mile Line Road
              Penfield, NY 14526
              585-330-2222
              dmkaplan@rochester.rr.com